PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 5:17CR380 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| DAVOOD HAGHIGHI, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** |
| ) | [Resolving ECF No. 15] |

Pending before the Court is Defendant Davood Haghighi's Motion to Suppress. ECF No. 15. The Government has responded (ECF No. 23) and Defendant has replied (ECF No. 25). The Court has been advised, having reviewed the record, parties' briefs, and applicable law and considered the testimony of witnesses, exhibits admitted into evidence, and arguments of counsel offered during the evidentiary hearing. For the reasons set forth below, Defendant's motion is denied.

**I. Background**

Defendant and his business partner Behnam Haghnazari sold automobiles and provided financing for the purchase of those vehicles through a "buy here, pay here" business model. ECF No. 15 at PageID #: 60. The two men operated through their corporate entities Globe Auto Center, Inc., Globe Auto Sales, Inc., and Auto Site, Inc. *Id.* On the suspicion that Defendant and Haghnazari were involved in a scheme to cater to drug traffickers, the Internal Revenue Service

(5:17CR380)

("IRS"), Criminal Investigation Unit, investigated both Defendant and Hagnazari and their businesses.  ECF No. 23 at PageID #: 169.

Following the investigation, the Government submitted warrant applications to United States District Court Judge John R. Adams.  ECF No. 15 at PageID #: 61.  The applications sought a total of nine search warrants covering Defendant and Hagnazari's homes, businesses, bank accounts, and persons, as well as Defendant's car.  Id.  The warrant applications reference Attachment B in identifying the property to be seized.  ECF No. 15-2 at PageID #: 113. Attachment B provides a list of 21 categories of property to be seized.  Id. at PageID #: 115-18. The applications also list the violation of five federal statutes related to the search, including 26 U.S.C. § 7201, 18 U.S.C. §§ 371, 1956, 1957, and 31 U.S.C. § 5324.  Id.  The factual basis for the applications is identified as included in an attached affidavit.  Id.  An agent from the IRS Criminal Investigation Unit drafted and executed the affidavit.  ECF No. 15-1.

On June 16, 2013, Judge Adams approved the warrants.  The warrants do not incorporate the affidavit or include the affidavit as an attachment.  ECF No. 15-2 at PageID #: 111.  Nor do the warrants make any mention of the crimes allegedly committed or statutes violated.  Id.  As with the warrant applications, the warrants reference Attachment B in identifying the property to be seized.  Id.

The search warrants were executed on July 18, 2013, at Defendant's businesses and residence.  ECF No. 23 at PageID #: 170.  Law enforcement officials seized multiple firearms, business records, and approximately $651,520 in U.S. currency from Defendant's business and residence.  Id.  Defendant was indicted on two counts of making and subscribing false tax returns

(5:17CR380)

in violation of 26 U.S.C. § 7206(l) and one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h).  ECF No. 6 at PageID #: 22-24.

Defendant filed a motion to suppress, seeking suppression of all evidence obtained from the aforementioned search warrants.  ECF No. 15.  The Court held an evidentiary hearing on November 29, 2018.

## II.  Discussion

Defendant offers two reasons why suppression is appropriate.  First, Defendant argues that the search warrants authorizing the search of his home and businesses violate the Fourth Amendment's particularity requirement.  Additionally, Defendant contends that the warrants authorizing the search of his home are not supported by probable cause.  Each is addressed in turn.

**A.    Particularity of the Search Warrants**

The Fourth Amendment requires that search warrants particularly describe the place to be searched and the persons or things to be seized.  *United States v. Asker*, 676 F. App'x 447, 461-62 (6th Cir. 2017).  Items to be seized pursuant to a search warrant must be described with particularity to prevent the seizure of one thing under a warrant describing another.  *United States v. Richards*, 659 F.3d 527, 536-37 (6th Cir. 2011).  The primary purpose of the particularity requirement is to prevent general searches by requiring a neutral judicial officer to limit the scope of the search to those areas and items for which there exists probable cause that a crime has been committed.  *Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco and Firearms*, 452 F.3d 433, 441 (6th Cir. 2006).

(5:17CR380)

Defendant contends suppression is appropriate because the search warrants lacked particularity. He alleges the warrant applications include only some of the criminal statutes the affidavit alleged were violated. The failure to include all statutes, he argues, invalidates the warrants.[1] Defendant also claims the warrants fail to describe the items to be seized with sufficient specificity. The Court takes each of these arguments in order.

### 1. Criminal Statutes Listed Only in the Affidavit

Defendant claims the warrants are invalid because the warrant applications only include some of the criminal statutes that the affidavit alleges were violated, relying on *United States v. Abboud*, 438 F.3d 554 (6th Cir. 2006). ECF No. 15 at PageID #: 69. At issue in *Abboud* was whether the incorporation of an affidavit that listed offenses in addition to those included in the warrant application could establish probable cause for the additional offenses. *Abboud*, 438 F.3d at 568. Because the Sixth Circuit could "only speculate as to whether the magistrate found probable cause with respect to the additional violations listed in the affidavit," it found that the "magistrate approved the search warrant only with respect to the violation [listed in the warrant application]." *Id.* at 569-71.

*Abboud* does not invalidate the warrants. Rather, *Abboud* holds that a warrant is not approved for the search of evidence of violations listed in the affidavit but not the warrant or warrant application. *Abboud*, 438 F.3d at 568-71. The warrant applications list violations of 18 U.S.C. §§ 371, 1956, and 1957, 26 U.S.C. § 7201, and 31 U.S.C. § 5324. ECF No. 15-2 at

---

[1] Defendant asserts this in his brief, but argues at the hearing that the omission contributes to the lack of particularity.

(5:17CR380)

PageID #: 113. The affidavit lists all violations included in the warrant applications and additionally lists violations of 26 U.S.C. §§ 6050l, 7202, and 7206(1) and 31 U.S.C. §§ 5313 and 5331. Because, as in *Abboud*, the Court cannot ascertain whether the judicial officer signing the warrants approved the search warrants as to violations listed only in the affidavit, the Court finds that the warrants were approved with respect to violations listed in both the applications and affidavit, that is: conspiracy under 18 U.S.C. § 371, money laundering under 18 U.S.C. § 1956, engaging in monetary transactions in property derived from specified unlawful activity 18 U.S.C. § 1957, attempt to evade or defeat tax under 26 U.S.C. § 7201, and structuring under 31 U.S.C. § 5324.

That said, even if the warrants were not approved for the search of violations listed only in the affidavit, "it does not follow that all evidence of the[] additional violations found during the search must be suppressed." *Abboud*, 438 F.3d at 571 n.5. Overlap exists between the evidence lawfully obtained through a search based on the violations listed in the affidavit and the warrant applications. *Id.* Moreover, each category of items to be seized listed in Attachment B supports at least one of the five violations listed in the warrant applications. ECF No. 15-2 at PageID #: 113, 115-18; ECF No. 23 at PageID #: 177. Accordingly, suppression is inappropriate.

### 2. Particularity of Items to be Seized

The test for determining whether the description in the warrant of the things to be seized is sufficiently particularized is whether "the description is such that the officers with a search warrant can with reasonable effort ascertain and identify" the items to be seized. *United States v.*

(5:17CR380)

*Gahagan*, 865 F.2d 1490, 1496 (6th Cir. 1989) (quoting *Steele v. United States*, 267 U.S. 498, 503 (1925)). "[T]he degree of specificity required is flexible and will vary depending on the crime involved and the type of items sought." *United States v. Ables*, 167 F.3d 1021, 1033 (6th Cir. 1999).

"[A] description is valid if it is as specific as the circumstances and the nature of the activity under investigation permit." *Id.* A description is also valid if it is directed towards items likely to provide information concerning the underlying offense. *United States v. Henson*, 848 F.2d 1374, 1383 (6th Cir. 1988). Broadly worded categories of items to be seized are permissible under the Fourth Amendment if the category is "delineated in part by an illustrative list of seizable items." *Ables*, 167 F.3d at 1034 (quoting *United States v. Riley*, 906 F.2d 841, 844 (2d Cir. 1990). "The Fourth Amendment is not violated because the officers executing the warrant must exercise some minimal judgment as to whether a particular document falls within the described category." *Ables*, 167 F.3d at 1034.

Attachment B to the warrants authorizes the seizure of 21 categories of business and financial records for the period of January 1, 2008 to July 16, 2013. ECF No. 15-2 at PageID #: 115; ECF No. 23 at PageID #: 175. The scope of the items to be seized includes (1) documents identifying transactions with automobile auctions and purchases; (2) documents identifying automobile sales; (3) employment related documents and records; (4) employment-related tax and reporting forms; (5) bank records; (6) liability records; (7) documents revealing the location of other records relating to any of Defendant's businesses listed on the first page of Attachment B; (8) bookkeeping and accounting records; (9) investment records; (10) personal and business

(5:17CR380)

tax records; (11) correspondence regarding bookkeeping, accounting, tax preparation, and other business matters; (12) documentation of business ownership, organization, and control; (13) real estate records; (14) indicia of occupancy, residency, rental, or ownership of the premises or vehicles located at the premises; (15) records relating to assets purchased or owned by any of Defendant's businesses listed on the first page of Attachment B; (16) travel records; (17) records identifying business and personal contacts; (18) currency in excess of $5,000; (19) items stored in a safe, to the extent they correspond to items 1 through 18; (20) any of items 1 through 19, stored in electronic format; and (21) illegal drugs, currency, or firearms, to be seized by the Drug Enforcement Administration. *Id.* at PageID #: 115-18. The scope of the items to be seized was limited to items relating to one of sixteen listed individuals or entities. *Id.* at PageID #: 115.

Under the circumstances, Attachment B to the warrants identifies the items to be seized with sufficient particularity. The list of items is lengthy, but tailored. Given the scope and nature of Defendant's alleged criminal activity, the breadth of the evidence sought is stunning. *See Asker*, 676 F. App'x at 462 (search warrant for evidence of drug trafficking and money laundering activities identified items to be seized with particularity despite "unsurprisingly large" list of items). A lengthy but tailored list is not an "all records" general search. *Id.*; *cf. United States v. Kow*, 58 F.3d 423, 427 (9th Cir. 1995) (a search with "no limitations on which documents within each category could be seized" and thus "failing to describe with any particularity the items to be seized" is an unconstitutional general search). Each category of items to be seized provides a specific list of types of items sought, preventing the seizure of one

7

(5:17CR380)

thing under the warrants describing another. Additionally, the search is limited by timeframe and name of individual and entity.

Moreover, the description of the items in the warrants is directed towards items likely to provide information concerning the underlying offenses in the warrant applications. The warrants limit the scope of the search to business and financial records relating to one of sixteen listed individuals or entities within a five and a half year period of time. The items to be seized each specifically relate to one or more of the charges listed in the warrant application. Documentation of Defendant's automobile transactions through his businesses is probative of the Government's suspicion that Defendant sold automobiles to drug traffickers. ECF No. 15-1 at PageID #: 78. Documentation of Defendant's bank records, bookkeeping and accounting records, and investment records would support or undermine the Government's theory that Defendant manipulated records to conceal the identity of the automobile buyer and the sales price. *Id.* All of the items listed could be evidence of the Government's theory that Defendant engaged in an elaborate illicit business model resulting in violations of the crimes listed in the warrant application. *Id.* Finally, Attachment B cabins the scope of the search to those items and does not authorize the officers to seize more than what was reasonable under the circumstances. The particularity requirement has been satisfied.

At the evidentiary hearing, Defendant argued that each category of items in Attachment B should have been appended by general catch-all language indicating the nature of the purported criminal acts connected with the category of items to be seized. He relies on *United States v. Ables*, claiming that, in *Ables*, the inclusion of the clause "and other items evidencing the

8

(5:17CR380)

obtaining, secreting, transfer and/or items evidencing the obtaining, secreting, transfer, and/or concealment of assets and the obtaining, secreting transfer and/or expenditure of money" saved the search warrant from lack of particularity because it provided guidance to the searching officer. *Ables*, 167 F.3d at 1033-34. Because Attachment B does not include a similar clause in describing the items to be seized, Defendant claims that it lacks particularity.

Defendant misinterprets *Ables*. In *Ables*, the defendant argued that the inclusion of this clause rendered the warrant overbroad. *Id.* at 1033. The Sixth Circuit disagreed, holding that the clause, when read in context with the description of the category of items to be seized, "authorized the search for and seizure of *records* tracking the movement of money and/or assets," and was therefore particularized under the Fourth Amendment. *Id.* at 1034. *Ables* stands for the proposition that language in a warrant, even a catch-all clause following an "illustrative list of seizable items," must be read in context with the rest of the warrant. *Id.* at 1033-34. It does *not* lend support to the theory that a catch-all clause describing the nature of the acts allegedly committed is necessary to contextualize the items to be seized. Because the Court finds Attachment B to be sufficiently particularized, *Ables* is of no help to Defendant.

Defendant contends that, because the Government possessed a list of Defendant's customers suspected of participating in illegal conduct, the description of documents identifying automobile sales could have been narrowed to only include records pertaining to the customers named in the list. ECF No. 15-2 at PageID #: 115. Because the Government had sufficient information at the time the warrants were approved to describe the items to be seized more specifically, Defendant argues that Attachment B is not sufficiently particularized.

9

(5:17CR380)

Under the circumstances, the Government had good reason not to list the names of Defendant's customers in Attachment B.  See *Ables*, 167 F.3d at 1033 ("[A] description is valid if it is as specific as the circumstances and the nature of the activity under investigation permit.").  The affiant testified she wanted the opportunity to interview Defendant's customers, so she did not want to disclose their names.  Additionally, the Government had probable cause to believe Defendant had failed to report his business income from both sales arising out of illegal conduct and legitimate sales.  ECF No. 15-1 at PageID #: 97-105.  Narrowing the scope of the documents identifying automobile sales only to those concerning the customers named in the list would have frustrated the Government's objective of uncovering evidence concerning the entirety of Defendant's suspected tax evasion.  Accordingly, the description in Attachment B of the documents identifying automobile sales is as specific as the circumstances and the nature of the Government's investigation of Defendant's activity permitted.[2]

Moreover, Defendant decries the Government's failure to list any criminal statutes in the warrants.  At the evidentiary hearing, he urged that listing the statutes in the warrants "would be helpful," and that, without guidance regarding the crime committed, a searching agent would not have sufficient guidance in knowing what to seize.  The Government is not required to list the

---

[2] The Court is not persuaded by Defendant's reliance on *United States v. Wey*. *Wey* is not binding authority.  Moreover, *Wey* is distinguishable.  The warrant in *Wey* is less particularized than the warrants here.  See *United States v. Wey*, 256 F. Supp. 3d 355, 386 (S.D.N.Y. 2017) ("[E]ven the most specific descriptions on the sub-lists (e.g., documents concerning or reflecting the movement of funds, checks, transaction records, Rolodexes, diaries, calendars, etc.) are themselves fairly general.") (internal quotation marks omitted).  The warrant in *Wey* also fails to provide any temporal limitation to the items subject to seizure.  *Id.* at 387.

(5:17CR380)

criminal statutes under investigation in the warrants.  The Fourth Amendment's particularity requirement only encompasses the place to be searched and the persons or things to be seized.  U.S. Const. amend. IV.  While, as Defendant avers, it could be helpful to provide the nature of the criminal conduct in the warrants, the failure to do so does not invalidate a warrant that otherwise meets the particularity requirement.

Finally, even if Attachment B did not describe the items to be seized with particularity, the suppression of the evidence seized would be inappropriate under the good-faith exception to the exclusionary rule.  Under the good-faith exception, evidence obtained by officers acting in objectively reasonable reliance on a search warrant should not be suppressed.  *United States v. Leon*, 468 U.S. 897, 926 (1984).  Of course, the good-faith exception does not apply if the warrant is so facially deficient that it cannot be reasonably presumed to be valid.  *Id.* at 923.

Attachment B describes 21 separate categories of business and financial records in detail.  ECF No. 15-2 at PageID #: 115-18.  It authorizes the seizure of records for a five and a half year period.  *Id.* at PageID #: 115.  A reasonable officer would be able to ascertain and identify the items to be seized using the description of the items under each category in Attachment B.  The description in Attachment B is not so vague or overbroad such that the description was "little better than no guidance at all."  *Cf. Groh v. Ramirez*, 540 U.S. 551, 562-63 (2004) (a searching officer's in-person description of "an explosive device in a box," absent any other identification, does not satisfy the particularity requirement).  Nor would suppression of the evidence further the purpose of the exclusionary rule.  *See Davis v. United States*, 564 U.S. 229, 241 (2011) ("the harsh sanction of exclusion should not be applied to deter objectively reasonable law

11

(5:17CR380)

enforcement activity.") (internal citation omitted).  Accordingly, suppression for lack of particularity is inappropriate.[3]

### B. Probable Cause to Search Defendant's Residence

The Supreme Court has defined probable cause to search as "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Padro*, 52 F.3d 120, 123 (6th Cir. 1995). "[P]robable cause deals with probabilities and depends on the totality of the circumstances." *United States v. Tagg*, 886 F.3d 579, 585 (6th Cir. 2018) (quoting *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018)).  In determining probability, law enforcement officials and judicial officers may rely on common-sense conclusions about human behavior.  *Tagg*, 886 F.3d at 585.  The government bears the burden of showing probable cause in connection with a search warrant.  Fed. R. Crim. P. 41(c); *Abboud*, 438 F.3d at 569.

"A judicial officer who issues a warrant 'should be paid great deference.'" *Tagg*, 886 F.3d at 586 (quoting *Gates*, 462 U.S. at 236).  The issuing judge's decision should be left undisturbed if there was a substantial basis for a finding of probable cause.  *Tagg*, 886 F.3d at 586.  An affidavit in support of a probable cause finding should therefore be judged "on the

---

[3] Defendant also states that the warrants neither describe with particularity the criminal conduct to which the search is related nor incorporate the affidavit.  ECF No. 15 at PageID #: 68-69.  Defendant concedes that these are not requirements, so long as the warrants and their supporting documents have the requisite specificity.  ECF No. 25 at PageID #: 193-94.  Because the Court finds that the warrants are not invalid for lack of particularity, the Court does not consider this argument.

(5:17CR380)

adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." United States v. Allen, 211 F.3d 970, 975 (6th Cir. 2000).

To show probable cause, the government must show a nexus between the place to be searched and the evidence to be sought. United States v. Carpenter, 360 F.3d 591, 594 (6th Cir. 2004) (en banc). An affidavit must show a likelihood that (1) the items sought are seizable by virtue of being connected with criminal activity and (2) the items will be found in the place to be searched. United States v. Church, 823 F.3d 351, 355 (6th Cir. 2016). "[W]hether a sufficient nexus has been shown to a particular location turns in part on the type of crime being investigated, the nature of the things to be seized, the extent of an opportunity to conceal the evidence elsewhere, and the normal inferences that may be drawn as to likely hiding places." United States v. Savoca, 761 F.2d 292, 298 (6th Cir. 1985). A nexus "can be inferred based on the nature of the evidence sought and the type of offense that the defendant is suspected of having committed." United States v. Carney, 675 F.3d 1007, 1012 (6th Cir. 2012).

Defendant does not challenge whether the items sought at his residence are seizable by virtue of being connected with the Government's investigation of the underlying crimes in the

13

(5:17CR380)

applications.[4]  Defendant also does not challenge the existence of a nexus between the evidence sought and his businesses.  Instead, he claims that "a warrant for a home search cannot issue simply because the home owner is involved in a business that could involve evidence of a crime."  ECF No. 15 at PageID #: 73.

Because the nature of the evidence sought and the type of offense that Defendant is suspected of having committed, it may be inferred that such evidence would also exist at Defendant's home.  The affidavit in support of the warrants provides that "[o]wners and operators of small businesses oftentime maintain books and records in locations other than the primary place of operations . . . includ[ing] home offices, off-site storage facilities, or portable/laptop computers."  ECF No. 15-1 at PageID #: 77.  "One does not need Supreme Court precedent to support the simple fact that records of illegal business activity are usually kept at either a business location or at the defendant's home.  Likewise, personal financial records are also usually stored at a person's home or place of business."  *Abboud*, 438 F.3d at 572.

---

[4] Nor can he.  The affidavit in support of the warrant sets forth detailed information provided by two reliable, credible confidential informants showing the likelihood of criminal activity.  ECF No. 15-1 at PageID #: 82-97.  The affidavit also provides a summary of activity of Defendant's personal and business financial records indicating the likelihood of criminal activity.  *Id.* at PageID #: 97-105.  The items to be sought at Defendant's residence include "[i]nformation from [one of the informants], surveillance, county real estate records, bank records, the addresses on tax returns and other evidence . . . [that] shows that this property is owned by Haghighi and he uses the property as his primary residence."  *Id.* at PageID #: 108.  These items are all connected to the criminal violations in the warrant application.  *See* ECF No. 19-1 at PageID #: 149 (IRS Criminal Tax counsel concluding the items to be seized are limited to documents and records evidencing the investigated crimes).

(5:17CR380)

Courts have held that a sufficient nexus between a defendant's home and the evidence sought could be inferred in numerous circumstances. *E.g.*, *Carney*, 675 F.3d at 1013 (a purveyor of counterfeit bills of different denominations on different occasions may be expected to have evidence of that activity in his home); *United States v. Gunter*, 551 F.3d 472, 481 (6th Cir. 2009) (a drug dealer may be expected to have evidence of drug activity in his home); *United States v. Tate*, 586 F.3d 936, 943 (11th Cir. 2009) (a thief may be expected to have stolen goods in his home). Specifically, the Sixth Circuit has held that evidence of bank fraud, such as personal financial records and business records, would usually be kept at either a business location or at the defendant's home. *Abboud*, 438 F.3d at 572.

Moreover, the affidavit provides information from the Government's informants linking Defendant's residence to the evidence sought. One of the informants observed that Defendant maintained records of his "cash sales and information that he does not want included in the business records" on a laptop computer that he takes with him whenever he leaves the office. ECF No. 15-1 at PageID #: 92. One would reasonably conclude that, after leaving the office, there is at least a "fair probability" that Defendant would take his laptop home. The other informant witnessed Defendant, upon moving into his residence, personally overseeing the move of four or five heavily taped metal filing cabinets and numerous rolled Persian rugs. *Id.* at PageID #: 96. The informant noticed currency bundled in cash straps in the rolled Persian rugs. *Id.* Upon questioning by the informant, Defendant responded that he forgot about the currency in the rugs. *Id.* The informant also advised that Defendant kept handguns in every room and had an elaborate security system with numerous cameras located in and outside of the property. The

(5:17CR380)

large quantities of currency at Defendant's home is evidence of the Government's theory that Defendant accepted large cash payments for the sale of automobiles, then failed to file required Internal Revenue Service forms for reporting those transactions. *See* ECF No. 23 at PageID #: 169. The elaborate security and surveillance system in Defendant's home suggests that Defendant's home may have evidence of illegal activity. *Id.*

Defendant's reliance on *Frazier* is misplaced. *Frazier* stands for the proposition that a defendant's status as a drug dealer, standing alone, does not give rise to a fair probability that drugs will be found in his home. *United States v. Frazier*, 423 F.3d 526, 533 (6th Cir. 2005). However, if the affidavit contains some reliable evidence connecting the criminal activity with the residence, then a nexus has been established. *See, e.g.*, *United States v. Miggins*, 302 F.3d 384, 393-94 (6th Cir. 2002); *United States v. Caicedo*, 85 F.3d 1184, 1193 (6th Cir. 1996). The affidavit contains evidence from two reliable, credible informants connecting Defendant's activities giving rise to his criminal prosecution with his residence. *Frazier* is distinguishable, and the Government has shown a sufficient nexus between the evidence sought and Defendant's residence to establish probable cause.[5]

Finally, even if the affidavit lacked sufficient facts to establish probable cause, the warrant was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923; *see also Savoca*, 761 F.2d at 296 (a

---

[5] The affidavit in *Frazier* established "a sufficiently strong nexus between Frazier's alleged drug dealing and his home" so that an objectively reasonable officer could have relied on the warrant. *Frazier*, 423 F.3d at 536-37. Accordingly, the good-faith exception applied. *Id.* at 539.

16

(5:17CR380)

reasonably well-trained officer could conclude that an affidavit stating that a bank robber had been seen in a certain motel room sufficed to support a finding of probable cause to search the room). If an affidavit contains a minimally sufficient nexus between the illegal activity and the place to be searched to support an officer's good-faith belief in the warrant's validity, the good-faith exception applies. *Carpenter*, 360 F.3d at 596. The affidavit has, at a minimum, supplied facts to establish enough of a nexus between Defendant's alleged conduct and his residence to permit an officer to reasonably believe that the affidavit was sufficient. *See United States v. Laughton*, 409 F.3d 744, 750 (6th Cir. 2005) (noting that the Sixth Circuit has applied *Leon* so long as the affidavit averred "*some* connection, regardless of how remote it may have been, between the criminal activity at issue and the place to be searched"). Accordingly, suppression for lack of probable cause is improper.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Suppress is denied.

IT IS SO ORDERED.

December 21, 2018             */s/ Benita Y. Pearson*
Date             Benita Y. Pearson
           United States District Judge