PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:17CR380 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DAVOOD HAGHIGHI, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 29] |

Pending before the Court is Defendant Davood Haghighi's Motion for a Bill of Particulars. ECF No. 29. The Court previously granted Defendant's Motion for Leave to File Motion for Bill of Particulars (ECF No. 26). Defendant contends a bill of particulars is necessary for him to prepare a defense to Count 3[1] of the Superseding Indictment. ECF No. 29 at PageID #: 230. He claims he requires the specific dates during which each act in furtherance of the conspiracy occurred, an identification of every vehicle sold in furtherance of the alleged conspiracy, and the names of each of his alleged co-conspirators. Id. at PageID #: 232-35. The Government has responded. ECF No. 31.

The decision on whether to order a bill of particulars rests within the sound discretion of the trial court. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citation omitted). A bill of particulars is a tool to minimize surprise and allow the defendant to obtain the

---

[1] Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h).

(1:17CR507)

information necessary to prepare a defense. *Id.* (citation omitted). It "should be required only where the charges of an indictment are so general that they do not advise a defendant of the specific facts of which he is accused." *United States v. Daugherty*, No. 16-22, 2017 WL 839472, at *1 (E.D. Ky. Feb. 28, 2017) (citing *United States v. Kerik*, 615 F. Supp. 2d 256, 277 (S.D.N.Y. 2009)).

A bill of particulars is not to be used as a general discovery device. *Daugherty*, 2017 WL 839472, at *3. It is not a tool for the defense to obtain a detailed disclosure of all the prosecution's evidence. *Salisbury*, 983 F.2d at 1375. Nor is it a tool the defense can use to obtain the prosecution's legal theories. *United States v. Lawson*, 688 F.Supp. 314, 315 (S.D. Ohio 1987) (citing *United States v. Kilrain*, 566 F.2d 979 (5th Cir. 1978), *cert. denied* 439 U.S. 819 (1978). "This is particularly true in a conspiracy case in which the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." *United States v. Hayes (Harry Walker)*, 884 F.2d 1393 (6th Cir. 1989) (table).

Because Defendant has been fairly informed of the specific facts of which he is accused, a bill of particulars is unnecessary. The Superseding Indictment provides Defendant with details regarding fifteen separate vehicle transactions alleged to be in furtherance of the conspiracy. ECF No. 6 at PageID #: 25-30. Included in the Superseding Indictment are the year, make, and model of each vehicle, the initials of the buyer or buyers, the approximate dates of purchase and payment, and the approximate amount of payment and form of payment for each transaction. *Id.* at PageID #: 25-30. Moreover, as Defendant admits, the Government provided him with "voluminous discovery in this matter." ECF No. 29 at PageID #: 231; *see also* ECF No. 31 at

2

(1:17CR507)

PageID #: 311-12 (identifying all information Defendant has been provided in preparation for trial).  The indictment, combined with information gathered through discovery and other means, provides Defendant with sufficient information to understand the nature of the charges and prepare a defense.  *See* United States v. Musick, 291 F. App'x 706, 724 (6th Cir. 2008) (indictment, viewed in totality with the search warrant affidavits and discovery, provided defendant with adequate information so as to not require a bill of particulars).  Finally, the Government is not required to furnish the names of a defendant's alleged co-conspirators. United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004); United States v. Page, 575 F. App'x 641, 643 (6th Cir. 2014).

      Accordingly, the Court denies Defendant's Motion for a Bill of Particulars.  ECF No. 29.

      IT IS SO ORDERED.

| February 5, 2019 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
|  | United States District Judge |